J-S11013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSE JEROME JOHNSON | : | |
| | : | |
| Appellant | : | No. 1142 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 9, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003299-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSIE JEROME JOHNSON | : | |
| | : | |
| Appellant | : | No. 1143 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 9, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003296-2019

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED:  May 13, 2022**

Jessie Jerome Johnson appeals from the judgment of sentence following his guilty plea in two cases to burglary, intimidation of a witness/victim, rape, criminal trespass, retaliation against witness or victim, terroristic threats, simple assault, involuntary deviate sexual intercourse, and strangulation. In addition, Johnson's counsel has filed a brief pursuant ***Anders v. California***,

386 U.S. 738 (1967), and a petition to withdraw from representation. We grant counsel's petition to withdraw and affirm the judgment of sentence.

On March 15, 2019, Johnson broke into the home of his ex-paramour and punched, strangled, and raped her. Subsequently, on March 18, 2019, police officers found Johnson hiding in his ex-paramour's home armed with a knife. The police arrested Johnson, and the Commonwealth charged him with *inter alia*, rape, criminal trespass, retaliation against a witness or victim, terroristic threats, simple assault, involuntary deviate sexual intercourse, and strangulation at case number 2019-03296, and burglary and intimidation of a witness or victim at case number 2019-03299.

On January 27, 2020, Johnson entered a negotiated guilty plea to the above crimes at his two cases in exchange for an aggregate sentence of 12 to 24 years in prison. The trial court accepted the plea but imposed an aggregate sentence of 12 to 24 years in prison followed by 3 years of probation. Subsequently, Johnson filed a post-sentence motion to modify his sentence. The trial court held a hearing on the motion, after which it filed an amended sentencing order, imposing an aggregate sentence of 12 to 24 years in prison to comport with the negotiated plea agreement. Johnson filed another post-sentence motion, which the trial court denied. Johnson then filed separate notices of appeal from the two cases, and this Court consolidated the appeals.

On appeal, Johnson's counsel has filed an ***Anders*** Brief, raising the following question for our review:

Is the total negotiated sentence of twelve to twenty-four years for burglary, intimidation of a witness/victim, rape, criminal trespass, retaliation against witness or victim, terroristic threats, simple assault, strangulation, and involuntary deviate sexual intercourse imposed upon [] Johnson by the lower court, pursuant to the terms of the plea agreement, manifestly excessive, unreasonable[,] and too severe a punishment?

*Anders* Brief at 5 (some capitalization omitted). Johnson's counsel also filed a petition to withdraw as counsel with this Court on January 10, 2022. Johnson filed neither a *pro se* brief, nor retained alternate counsel.

We must first determine whether Johnson's counsel has complied with the dictates of *Anders* in petitioning to withdraw from representation. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (stating that "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw."). Pursuant to *Anders*, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper *Anders* brief must

- 3 -

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Here, Johnson's counsel has complied with the requirements set forth in *Anders* by indicating that she conscientiously examined the record and determined that an appeal would be frivolous. Further, Johnson's counsel's *Anders* Brief meets the standards set forth in *Santiago*, by setting forth her conclusion that the trial court did not abuse its discretion in imposing Johnson's sentence, rendering Johnson's appeal wholly frivolous. Finally, Johnson's counsel provided a letter to Johnson, informing him of her intention to withdraw as counsel and advising Johnson of his rights to retain new counsel, proceed *pro se*, and file additional claims. Because Johnson's counsel has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Johnson's appeal is, in fact, wholly frivolous. *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (stating that once an appellate court determines that counsel's petition and brief satisfy *Anders*, the court must then conduct its own review of the appeal to determine if it is wholly frivolous).

Johnson challenges the discretionary aspect of his sentence, claiming that the trial court abused its discretion in imposing a manifestly excessive aggregate sentence of 12 to 24 years in prison. *See Anders Brief* at 14-16.

Here, Johnson entered a negotiated guilty plea which provided that he would plead guilty to the above crimes in exchange for an aggregate sentence of 12 to 24 years in prison. *See* N.T., 1/27/20, at 3. Because Johnson pleaded guilty and ultimately received the negotiated sentence, he is not entitled to discretionary review of his sentence. *See Commonwealth v. O'Malley*, 957 A.2d 1265, 1267 (Pa. Super. 2008) (stating that "an appellant who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence"). Accordingly, we may not review Johnson's discretionary aspects of sentencing challenge and his claim is wholly frivolous. *See id.*

Having reviewed the issue raised in counsel's *Anders* brief, and after conducting our own independent review of the record, which disclosed no additional non-frivolous issues that could be raised on appeal, we agree with counsel that the appeal is wholly frivolous. We therefore grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/13/2022